**Affirmed and Memorandum Opinion filed April 6, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00564-CV

---

## JOSE HUERTA, Appellant

### V.

## ZHONGTIAN INTERNATIONAL TRADE COMPANY, Appellee

---

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 20-DCV-278750**

---

## MEMORANDUM OPINION

Appellant Jose Huerta appeals the trial court's order granting the special appearance of appellee Zhongtian International Trade Company (Zhongtian). Appellant contends the trial court erred because (1) Zhongtian failed to negate the jurisdictional facts alleged by appellant and such jurisdictional facts were sufficient for the trial court to exercise jurisdiction; and (2) the evidence showed that Zhongtian "knowingly placed the specific ladder at issue into the stream of commerce and knowingly directed the specific ladder at issue to Appellant in

Texas." We affirm the order of the trial court granting Zhongtian's special appearance.

## BACKGROUND

Appellant purchased a ladder from "superworthboutique" through eBay. The ladder was marketed as new and shipped to Huerta's home in Katy, Texas. While using the new ladder on a job in Katy, Texas, it began to bend causing appellant to fall and sustain serious injuries.

Appellant sued Zhongtian in Fort Bend County District Court alleging personal jurisdiction over Zhongtian because "the subject ladder was marketed to Texas and Huerta through Ebay (sic) . . . and the shipping label shows that Zhongtian shipped the ladder at issue to the Appellant at his home in Katy, Texas." Appellant further alleges that "general jurisdiction is proper over Zhongtian because its contacts with Texas are so voluminous, continuous and systematic that Zhongtian is essential[ly] at home in Texas."[1] Appellant alleged that specific jurisdiction is proper because Zhongtian placed the ladder into the stream of commerce, Zhongtian serves the Texas market as a "marketplace for its goods," and the accident occurred in Texas.

Zhongtian filed a special appearance challenging personal jurisdiction. Zhongtian attached the affidavit of its corporate representative. The representative attested that Zhongtian does not "make, design, manufacture, market, construct, or sell any products." Zhongtian stored the ladder for the seller, another legal entity. When a sale is made, the seller contacts Zhongtian and provides a shipping label. Zhongtian prints the provided label, locates the product, labels it, and ensures a courier picks it up for delivery to the customer. Zhongtian did not sell the ladder

---

[1] Appellant does not raise any arguments regarding general jurisdiction on appeal.

and only serves as a storage facility for the seller. Zhongtian did not sell any products in Texas in 2018–2020 and is not registered with the Texas Secretary of State. Zhongtian does not own any real estate in Texas and has never: (1) owned or leased real property in Texas; (2) had a bank account in Texas; (3) had a post-office box or mailing address in Texas; (4) maintained a telephone number in Texas; (5) registered a vehicle in Texas; or (6) filed a lawsuit in Texas.

The trial court conducted a hearing on the special appearance. In its order the trial court indicated that it considered "all affidavits and other evidence submitted by the parties" and granted Zhongtian's special appearance.

<h3 style="text-align:center">SPECIFIC JURISDICTION</h3>

On appeal, appellant argues that he has pled facts sufficient to exercise specific personal jurisdiction over Zhongtian because (1) it placed the subject ladder into the stream of commerce; (2) it specifically serves the Texas market; and (3) the accident occurred in Texas. Appellant asserts that Zhongtian failed to contest these jurisdictional allegations and admitted through its affidavit that Zhongtian (1) provides storage for the ladder manufacturer; (2) receives a shipping label from the manufacturer when an order is placed; (3) prints and places the label on the ladder to be shipped; and (4) ensures that the ladder is picked up by the shipping carrier. Appellant argues that these facts taken together establish specific personal jurisdiction.

## A.  General Legal Principles

"Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law that we review de novo." *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018). When the trial court does not issue findings of fact or conclusions of law, we infer all relevant facts necessary to

support the judgment and supported by evidence. *Id.* If jurisdictional facts are undisputed, then whether those facts establish jurisdiction is a question of law. *Id.*

Texas courts may exercise jurisdiction over a nonresident if "(1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees." *Id.* (quoting *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 149 (Tex. 2013)). "The long-arm statute is satisfied by a defendant who 'commits a tort in whole or in part in this state.'" *Id.* at 558–59 (quoting Tex. Civ. Prac. & Rem. Code § 17.042(2)). However, merely committing a tort in Texas does not necessarily satisfy the United States Constitution. *Id.* at 559.

Federal due process requires a nonresident have minimum contacts with the forum state such that the exercise of jurisdiction over the nonresident defendant does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945). "A defendant establishes minimum contacts with the forum state when it 'purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" *Bell*, 549 S.W.3d at 559 (quoting *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338 (Tex. 2009)). In determining whether a defendant purposefully availed itself of the privilege of conducting activities in Texas, we consider three factors: (1) only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or third person; (2) the contacts relied upon must be purposeful rather than random, fortuitous, or attenuated; and (3) the defendant must seek some benefit, advantage, or profit by availing itself of the jurisdiction. *Id.* (quoting *Moncrief Oil Int'l Inc.*, 414 S.W.3d at 151).

4

The plaintiff bears the initial burden to plead sufficient allegations to bring the nonresident within the long-arm statute. *Id.* Once accomplished, "the burden shifts to the defendant to negate all bases of personal jurisdiction alleged by the plaintiff." *Id.*

"For a Texas court to exercise specific jurisdiction over a defendant, the defendant's purposeful contacts must be substantially connected to the operative facts of the litigation or form the bases of the cause of action." *Bell*, 549 S.W.3d at 559–60. "Under our stream-of-commerce-plus precedent, specific jurisdiction exists if the defendant places goods into the stream of commerce 'with the expectation that they will be purchased by consumers in the forum state.'" *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 13 (Tex. 2021) (quoting *Moki Mac*, 221 S.W.3d at 557). There must be "some 'additional conduct'— beyond merely placing the product in the stream of commerce—that indicates 'an intent or purpose to serve the market in the forum State.'" *Spir Star AG v. Kimich*, 310 S.W.3d 868, 873 (Tex. 2010) (quoting *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 112, 107 S. Ct. 1026 (1987)). Examples of "additional conduct" include: "advertising in the forum state, . . . soliciting business through salespersons, . . . or creating, controlling, or employing the distribution system that brought the product into the forum state." *Luciano*, 625 S.W.3d at 10 (internal citations omitted). The nonresident does not need to have offices or employees in Texas to purposefully avail itself of the forum, but the operation of a distribution and sales network or directing marketing efforts to Texas in the hope of soliciting sales may render a nonresident subject to jurisdiction in Texas for disputes that arise from that business. *Id.*

5

**B.      Analysis**

It is undisputed that Zhongtian does not own any real estate in Texas and has never: (1) owned or leased real property in Texas; (2) had a bank account in Texas; (3) had a post-office box or mailing address in Texas; (4) maintained a telephone number in Texas; (5) registered a vehicle in Texas; or (6) filed a lawsuit in Texas.

Appellant argues that Zhongtian placed the ladder into the stream of commerce because Zhongtian marketed, designed, and manufactured the ladder at issue.  However, Zhongtian's corporate representative attested that (1) Zhongtian does not "make, design, manufacture, market, construct, or sell any products"; (2) Zhongtian stored the ladder for the seller, another legal entity; (3) when a sale is made, the seller contacts Zhongtian and provides a shipping label; (4) Zhongtian prints the provided label, locates the product, labels it, and ensures a courier picks it up for delivery to the customer; (5) Zhongtian did not sell the ladder and only serves as a storage facility for the seller; and (6) Zhongtian did not sell any products in Texas in 2018–2021.  Thus, Zhongtian specifically negated the jurisdictional facts alleged by appellant.

Appellant argues that Zhongtian "specifically advertised and provided its products and services to customers in Texas and understood that the subject ladder would be going to Texas.  These acts were purposefully done by Zhongtian to seek profits from customers nationwide, including in Texas."  However, Zhongtian has specifically disputed and negated these allegations by attesting that it does not "make, design, manufacture, market, construct, or sell any products," it did not "sell the ladder and only serves as a storage facility for the seller,' and it "did not sell any products in Texas" in 2018-2021.  Appellant does not point to any evidence showing that Zhongtian advertised in Texas, provided its "products and

6

services to customers in Texas," or otherwise purposefully availed itself of the Texas forum.

Instead, the evidence showed that Zhongtian stored the already manufactured and packaged ladder in a warehouse until it was sold by the seller through eBay. There was no allegation that Zhongtian monitored, managed, marketed, or created the eBay listings, and Zhongtian attested that it did not market or sell the ladder or any other product. There was no allegation that Zhongtian interacted with the eBay purchasers in any way. *See Experimental Aircraft Ass'n, Inc v. Doctor*, 76 S.W.3d 496, 506 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("nature and quality" of internet contacts are "evaluated on a 'sliding scale'" based on interactivity of the exchange); *Keenan v. Aguilar*, 391 S.W.3d 620, 625 (Tex. App.—El Paso 2012, no pet.) ("When personal jurisdiction is based on a nonresident defendant's use of eBay, an 'interactive' website, we must look beyond the internet activity to the degree of interaction between the parties, for purposes of establishing personal jurisdiction.").

Thus, Zhongtian demonstrated that it had no systematic and continuous contacts with Texas, that it did not purposefully direct any act toward Texas, and that it took no act within Texas that gave rise to the plaintiff's cause of action. *See CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996) (concluding sales agent of raw asbestos fiber sold and shipped to company located in Texas did not have sufficient contacts with Texas merely because it was foreseeable that the "stream of commerce" might have led to its product being distributed in Texas where sales agent did not have any other Texas contacts and did not direct or control the shipment to Texas).

We overrule appellant's two issues, concluding that Zhongtian's contacts with Texas are insufficient to confer specific jurisdiction. Therefore, the trial court

did not err in granting Zhongtian's special appearance.  We affirm the trial court's judgment.


/s/     Ken Wise
Justice


Panel consists of Chief Justice Christopher and Justices Wise and Hassan.